1  JEFFREY G. RANDALL, In Pro Per

2  958 Jennifer Street
   Incline Village, NV 89451
3  Telephone: +1 650 281-3100
   E-mail: jeffrandall@gmail.com
4
   Plaintiff, in pro per
5

FILED ___   RECEIVED ___
ENTERED ___   SERVED ON ___
COUNSEL/PARTIES OF RECORD

OCT 0 9 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY RANDALL, a Nevada resident,<br><br>    Plaintiff<br><br>    v.<br><br>HANSON CRAWFORD CRUM FAMILY LAW GROUP, LLP, a California limited liability Partnership,<br><br>    Defendant | CASE NO.   3:18-cv-00479<br><br>COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND FRAUD<br><br>JURY TRIAL DEMANDED: FRCP 38 |

Paid Amt $400  Date 10/9/18
NVRNO 4304
Receipt # 4304  Initials KW

COMPLAINT                                                    Page 1

PLAINTIFF, for his complaint against defendant, alleges the following:

## PARTIES

1. Plaintiff Randall ("Plaintiff") is an individual, and at all times relevant herein was, has been and continues to be a resident of the State of Nevada.

2. Defendant Hanson Crawford Crum Family Law Group, LLP (hereinafter "HCC") is and at all times relevant herein has been a California limited liability partnership incorporated in California, with its principle place of business in California, and without any members as residents of the State of Nevada.

## JURISDICTION AND VENUE

3. This action is within the original jurisdiction of this court under 28 U.S.C. section 1332. The matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states (Nevada and California).

4. Venue for this action is appropriate in this court pursuant to 28 U.S.C. sections 1391(b)(1) and 1391(b)(2).

## GENERAL ALLEGATIONS

5. HCC is a law firm specializing in family law matters. In November, 2013, HCC undertook to represent and defend Plaintiff in case no. FAM0123273 in San Mateo County, CA superior court involving claims for spousal and child support for 2 minor children ("Action 1"). In June, 2015, HCC undertook to represent and defend Plaintiff in case nos. FAM0129072 and FAM0131885 pending in San Mateo County, CA superior court regarding paternity, custody, and child support for 2 additional minor children ("Action 2"). (Action 1 and Action 2, collectively referred to herein as ("Representations").

6. HCC name partner, Joseph Crawford ("Crawford"), was the lead lawyer at HCC handling the Representations.

7. At all times relevant herein, Crawford was acting as the agent and/or partner of, and with full authority from, HCC.

8. In connection with Action 1, HCC promised to make "every effort to handle [defendant's case] promptly and efficiently according to the highest legal and ethical standards. . ."

9. In connection with the Representations, HCC made the following representations regarding its experience, capabilities, and performance of legal services: "Our team thrives in fast-paced, intellectually challenging environments. The five partners, Belinda Hanson, Joseph Crawford, Jennifer Crum, Thomas Kenney, and Charli Hoffman, are Certified Family Law Specialists recognized for their expertise in the field of family law. . . Our size and the breadth and range of our experience, give us the capacity to handle cases of every level, from basic family law matters to complex financial transactions. . . . We specialize in providing a tailored and intelligent approach to each family law case. We leverage our considerable expertise to resolve all issues strategically – from the simple to the most complex. We are diligent and ethical. . . . We combine a high level of expertise with exceptional, personalized service. . . Each case involves strategic decisions about the substantive issues and the best process to achieve your goals. From the outset, we educate you about legal issues so that you are well equipped to make informed decisions about how you want to approach each issue. We explain your options for the resolution of your case and we make a strategic decision with you on the best process going forward (litigation, mediation, or collaborative law) and the best venue (public courthouse or the use of a private judge). . . Whether the issues are simple or complex, we excel at providing you the best and most efficient outcome. We handle all core family law issues; on a select basis, we prepare or consult on pre-marital and post-marital agreements. In addition, we are uniquely qualified to handle complex family law issues, including sophisticated business interests such as venture capital, startups, private equity, and intricate real estate structures. We also manage cutting-edge legal issues, such as reproductive rights. . . Today's family law cases, especially the more complex ones, often require expertise across multiple disciplines. We routinely work with forensic accountants, tax experts, investment advisors, corporate counsel, estate planners, attorneys in different practice areas, custody experts, and other specialists to achieve the best outcome for our clients. . . We understand your children are your highest priority. We develop a strategy that focuses on your children's

best interests and we guide our clients through mediation and co-parent counseling to develop an age-appropriate parenting schedule. When necessary, we represent clients through custody evaluations, contested custody hearings, and trials. . . Many cases require the assistance of a specialized accountant familiar with family law issues. We frequently use forensic accountants to trace separate property assets, analyze the marital standard of living, prepare post-separation accountings, determine income available for child and spousal support, value businesses, analyze and quantify the community and separate property interests in an asset, and determine reimbursement claims."

10. In connection with the Representations, HCC made the following representations regarding Crawford's experience, capabilities, and performance of legal services: he "is a Certified Family Law Specialist and a Member of the American Academy of Matrimonial Lawyers. . . He is a seasoned trial attorney with over 20 years of experience litigating almost every family law issue. Joe focuses his practice on representing high net worth individuals (or their spouses) with complex financial issues. . . He knows that mastery of the facts and the law coupled with an understanding of the goals of his client provide strength in negotiation and confidence to his clients as they make choices during their case. HCC further represented Crawford as an experienced family law attorney in interstate actions and that he is licensed to practice law in multiple states.

11. Prior to and in connection with the Representations, HCC and Crawford were informed of the fact that defendant was a resident of the state of Nevada, and defendant wanted any litigation, including the claims made in connection with Representations, involving custody, child support and/or spousal support to proceed in Randall's state of residence, Nevada.

12. Prior to and in connection with the Representations, HCC and Crawford were informed of the fact that defendant had filed and served a complaint in the Family Division, of the Second Judicial District of the State of Nevada, in and for the County of Washoe, case no.FV15-02673 ("Nevada Case") , involving custody and child support for one of the minor children subsequently involved in Action 2.

COMPLAINT                                                                                                                    Page 4

13. On or about September 15, 2015, the California court in Action 2 granted Plaintiff's motion to dismiss for lack of jurisdiction in California and found that Nevada, not California, properly had jurisdiction over the claims in Action 2. HCC failed to properly prepare a Findings and Order After Hearing to memorialize and preserve the basis for the Court's dismissal of Action 2.

14. Prior to and immediately following the California court's dismissal of Action 2, HCC failed to inform the California court that a call to the Nevada court was required before exercising emergency custody jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA").

15. Prior to and immediately following the California court's dismissal of Action 2, HCC failed to advise Plaintiff of the necessity, pursuant the UCCJEA and Uniform Interstate Family Support Act ("UIFSA") to immediately file and serve a petition in Nevada regarding paternity, custody and support upon the birth of the then unborn second minor child subject to Action 2 in order to preserve plaintiff's position that Nevada was the appropriate state to exercise custody an support jurisdiction over such minor.

16. On or about February 2016, a petition was filed in San Mateo county Superior court for paternity, custody, and support for the minor child, born February 13, 2016. HCC failed to inform Plaintiff herein of the requirements under UIFSA and UCCJEA to promptly file in Nevada in order to properly preserve jurisdiction in Nevada.

17. On or about December 15, 2015 the Nevada court in the Nevada Case found that Nevada had custody and support jurisdiction, and entered initial custody and support orders regarding the minor child.

18. HCC did not file and serve a notice of entry of judgment following the September 15, 2015 California Order dismissing Action 2 for lack of jurisdiction which would have limited the time to file a notice of appeal to 30 days. Instead, HCC and Crawford repeatedly and falsely represented that opposing party only had 30 days to file a notice of appeal.

19. The opposing party in Action 2 filed an appeal from the dismissal. On March 29, 2018, the California Court of Appeal, First District, filed its decision in A148053 and A149738,

reversing the dismissal in Action 2 ("CAD"). The CAD found prejudicial err under California Family Code Section 3424(d) because Judge Greenberg did not communicate directly with the Nevada court following exercise of emergency jurisdiction at the September 15, 2015 hearing.

20. In April, 2018, Plaintiff filed a petition for Rehearing of the CAD, which was denied on or about May, 2018.

21. As a result of HCC's failure to properly perfect the judgment of dismissal in Action 2, to properly prepare and obtain a complete Findings and Order After Hearing, and failure to properly and timely inform the court regarding the necessary UCCJEA call regarding exercise of emergency custody jurisdiction, Plaintiff herein has had to defend again Action 2 in California at substantial cost.

22. On or about January 24, 2018, Defendant Hanson Crawford Crum Family Law Group, LLP, commenced a civil action in the Superior Court of the State of California for the County of San Mateo, captioned Hanson Crawford Crum Family Law Group, LLP v. Jeffrey G. Randall, and does 1 thru 20, Case No. 18CIV00386. Such complaint has been removed to U.S. District Court for the Northern District of California, San Francisco Division, Case no. 18-cv-03371-VC (the "HCC Complaint").

23. HCC falsely claims in its HCC Complaint that it properly performed legal services in connection with the Representations and falsely attempts to expand the written agreement to provide legal representation in connection with the Representations.

24. HCC and its partner/agent, Crawford, committed multiple acts and omissions in connection with the Representations which fall well below the proper standard of care required and represented by HCC to be provided to Plaintiff, including the following: failure to properly and timely prepare briefs, prepare for depositions, prepare for hearings and advise Plaintiff regarding same; failure to properly assert and preserve Plaintiff's jurisdictional objections to proceeding in California; failure to properly prepare a findings and order after the September 15, 2015 hearing wherein the California court dismissed Action 2 for lack of jurisdiction; failure to properly and timely perfect the order dismissing Action 2; failure to advise Plaintiff

herein of the provisions of UIFSA and UCCJEA regarding securing jurisdiction in Nevada for the Representations; failure to secure or attempt to secure jurisdiction over support and/or custody claims relating to the Representations in Nevada; failing to advise Plaintiff and/or initiate proceedings in Nevada prior to acceptance of service of the complaint in Action 1; failure to properly advise Plaintiff of the applicable provisions of UIFSA relating to securing jurisdiction in Nevada over the spousal and child support claims asserted in Action 1 and the and in Action 2, including the provisions of Nevada Revised Statutes 130.401 and California Family Code section 5700.401; failure to properly advise Plaintiff of the ramifications of the timing of realized investment gains and losses in relation to selecting and maintaining the appropriate date of separation in Action 1; failing to properly advise Plaintiff regarding ongoing investment activities in relation to any agreed upon date of separation and the corresponding laws regarding fiduciary duties in Action 1; failure to properly advise and protect Plaintiff from unlimited cost and delays associated with agreement to a private judge, without proper protection against unlimited costs and delays in Action 1; failure to properly advise Plaintiff regarding and prepare an appropriate defense to fiduciary duty claims regarding investment activity in Action 1; failure to properly and timely prepare the Representations to avoid unnecessary attorney and expert costs relating to delays; charging excessive fees for inadequate and sub-standard legal services in connection with the Representations; and failure to perform legal services at the standard required and promised by and pursuant to the representations made by HCC.

25. The conduct of HCC, including its agent/partner Crawford, in doing the acts and omissions herein alleged directly resulted in damages and harm to Defendant as set out herein.

26. As a direct and proximate result of HCC's acts and omissions alleged herein, Plaintiff was forced to retain substitute counsel at additional and unnecessary cost due to HCC's failure to properly prepare action 1 and preserve Plaintiff's rights.

27. But for HCC's sub-standard conduct herein, the support claims set forth in the Representations would have proceeded in Nevada, with substantially lower applicable child and spousal support guidelines and limits, which would have saved Plaintiff hundreds of

thousands of dollars over the support period for child and spousal support in the Representations.

28. As a direct and proximate result of HCC's breaches alleged herein, HCC has caused damages to Plaintiff in an amount to be determined at trial, but in any event, far in excess of $100,000.

## FIRST CAUSE OF ACTION: LEGAL MALPRACTICE

29. Plaintiff refers to and incorporates each of the General Allegations in this Complaint as if fully set forth again herein.

30. HCC's act and omissions alleged herein fall well below the standard of legal representation required, promised by HCC and represented by HCC in connection with the Representations.

31. As a direct and proximate result of HCC's failure to provide the appropriate level of skill and experience in the Representations as promised and represented, Plaintiff has suffered substantial actual damages, according to proof, but are in excess of $100,000.

## SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

32. Plaintiff refers to and incorporates each of the General Allegations in this Complaint as if fully set forth again herein,

33. HCC owed Plaintiff a fiduciary duty to act at all times in good faith and in Plaintiff's best interests, and had a duty, among other things, to perform the legal services for which they were retained with reasonable care and skill, to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril. This fiduciary and confidential relationship was never repudiated by HCC at any time herein mentioned.

34. HCC breached their fiduciary duties and obligations to Plaintiff by doing all of the acts and omissions as herein alleged.

35. Furthermore, in doing all of the above described acts and omissions constituting HCC's breach of their fiduciary duties owed to Plaintiff, Plaintiff sustained substantial damages, to be presented at trial, all according to proof.

36. The acts and omissions constituting breach of HCC's fiduciary duties were committed with oppression, fraud and/or malice. As a result, Plaintiff, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing HCC.

## THIRD CAUSE OF ACTION: FRAUD

37. Plaintiff refers to and incorporates each of the General Allegations in this Complaint as if fully set forth again herein.

38. HCC's acts and omissions alleged herein, including its representations regarding the standare of legal representation that would be provided were false, were false when made, were relied upon by Plaintiff to his detriment, and directly and proximately caused substantial damages to Plaintiff to proven at trial according to proof.

39. The acts and omissions constituting HCC's fraud were committed with oppression, fraud and/or malice. As a result, Plaintiff, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing HCC

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against HCC as set forth below:

1. For actual damages in a sum in excess of the jurisdictional limit of this Court according to proof;

2. For punitive, or exemplary damages according to proof;

3. For interest as allowed by law;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

1
2  Dated: October 9, 2018                By: _____
3                                        Jeffrey G. Randall, Defendant In Pro Per
4                                        958 Jennifer Street
                                         Incline Village, NV 89451
5                                        jeffrandall@gmail.com
                                         650-281-3100
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                                                  Page 10